

**SIGNED this 1st day of July, 2025**

*/s/ Nicholas W. Whittenburg*
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Charles Gary Blankenship, II** | ) | **No. 1:25-bk-11129-NWW** |
| | ) | **Chapter 13** |
| **Debtor** | ) | |

## MEMORANDUM OPINION

On May 16, 2025, the pro se debtor filed his motion to reconsider and demand for written findings concerning the court's denial of debtor's numerous motions to enforce the automatic stay, impose the automatic stay nunc pro tunc, and for sanctions, contempt, and injunctive relief. [Doc. Nos. 11, 20, 28, 30, and 32]. The debtor also asks the court to reconsider its finding that the instant case, the debtor's third case pending within the year, was filed in bad faith, its finding that no automatic stay was in effect during the pendency of the instant case, and its finding that the stay could not be applied retroactively.

1

As the court explained to the debtor at the May 15, 2025 hearing on his motions, by operation of law no automatic stay came into effect at the commencement of the debtor's third case following the dismissal of his prior two cases within one year (absent the court's granting of a motion to impose the stay after notice and a hearing, and upon a debtor's overcoming the presumption that the case was filed in bad faith by a showing of clear and convincing evidence). *See* 11 U.S.C. § 362(c)(4). Likewise, the court lacked authority to impose the automatic stay retroactively because 11 U.S.C. § 362(c)(4)(C) states: "a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect." As for debtor's request that the court reconsider its other rulings, including denial of debtor's motion to impose the automatic stay, because the debtor has not shown that the court has made any error of law because the record supports the court's factual findings, the court denies the motion to reconsider.

**I. Background**

The debtor has filed three individual bankruptcy cases since November 20, 2024; each case filed without assistance of counsel. In each of debtor's three petitions, he listed himself as the sole proprietor of Scenic City Fitness, Inc. (though the business is a Tennessee corporation). Each of debtor's cases sought the protection of the automatic stay to stop eviction proceedings filed in state court against Scenic City Fitness.[1]

The first case (1:24-bk-12915-NWW) was filed under chapter 11, subchapter V. One day after filing, the court issued a notice to debtor that there were numerous missing documents required by the bankruptcy code. None of these documents were ever filed. Likewise, though the court

---

[1] After the court's May 15, 2025, rulings in this case, Scenic City Fitness, Inc. filed a chapter 11 case [1:25-11279 NWW] on May 21, 2025, with the assistance of counsel.

2

authorized the debtor to pay the filing fee in installments, none of the installments were ever paid. Ultimately, the case was dismissed on January 16, 2025, upon the United States trustee's motion to dismiss.

The debtor's second bankruptcy case was filed less than a month later on February 12, 2025, under chapter 13. (1:25-bk-10348-NWW). As in the first case, the petition was filed absent numerous required schedules and documents, and again, the debtor was notified of the deficiencies. The court once again authorized the debtor to pay the filing fee in installments, but again that fee was not paid. The second case was dismissed by operation of law on April 1, 2025, pursuant to 11 U.S.C. § 521(i).

Debtor's present case, his third case in less than a year, was filed as a petition for chapter 13 on May 6, 2025, but he then later filed a chapter 11 list of 20 largest creditors and a chapter 11 statement of current monthly income . Despite these erroneous filings, the debtor once again failed to file all schedules and documents required by 11 U.S.C. §521(a) and Fed. R. Bankr. P. 1007. In particular, the debtor failed to file the Chapter 13 plan, pay advices, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule J, Declaration about Schedules, Chapter 13 statement of currently monthly income, creditor matrix, and debtor's electronic notice election.

While not filing the documents required by the bankruptcy code and bankruptcy rules, the debtor simultaneously inundated the court with the filing of redundant motions and complaints. For example, the debtor filed four motions [Doc. Nos. 11, 20, 28, and 30] seeking to enforce the automatic stay by way of motion, temporary restraining order, and injunction, even though, pursuant to 11 U.S.C. § 362(c)(4)(A), no automatic stay arose because of the pendency and dismissal of the debtor's prior bankruptcy cases. Debtor also filed a motion for contempt and sanctions [Doc. No.

32] against the landlord of Scenic City Fitness, SUSO 4 HIXSON, LP, and against its counsel, Benjamin T. Reese, Esq., and Spears, Moore, Rebman & Williams, P.C. for violations of an automatic stay that did not exist with the filing of debtor's third bankruptcy case. As mentioned above, these motions were denied after a lengthy hearing held on May 15, 2025, in which the court allowed debtor to participate by phone at his request. It was at this point that debtor filed his motion to reconsider along with a motion for stay pending appeal. Because the debtor's bad faith conduct in this case and in his prior cases plays an integral part in its ruling, the court will continue detailing the facts of this case before beginning its legal analysis.

Among debtor's other duplicative filings were five motions [Doc. Nos. 13, 27, 33, 34, and 35] seeking to disqualify SUSO's attorney, Benjamin T. Reese, Esq., and the law firm of Spears, Moore, Rebman & Williams, P.C. for a purported conflict of interest. A hearing was held on these motions June 5, 2025. Although being provided notice of the hearing and ordered to appear in person [Doc. No. 49], debtor did not appear. The court found the motions to be baseless and an attempt by debtor to deprive SUSO of its choice of counsel and disadvantage SUSO in this case and a pending state court eviction proceeding involving the business, Scenic City Fitness, Inc. The court denied these motions.

On May 14, 2025, one day before the May 15, 2025 hearing, debtor inexplicably filed two complaints naming SUSO, Benjamin T. Reese, and Spears, Moore, Rebman & Williams PC, as defendants [Case No. 25-ap-01007 and Case No. 25-ap-01008]. With these complaints debtor raised the identical claims raised in the aforementioned motions filed in the bankruptcy case (i.e. violation of the automatic stay, disqualification of counsel, abuse of process). Debtor did not secure issuance

of summonses for these adversary proceedings, nor did he provide proof he had served the complaints upon the named defendants. Accordingly, the adversary proceedings were dismissed.

Debtor once again filed an application to pay the filing fee in installments [Doc. No. 4]. Debtor also filed a motion for clarification and request for schedule of § 341 meeting of creditors [Doc. No. 7]. The court set these motions for hearing also on June 5, 2025. Debtor did not appear at the hearing. At the hearing the court noted that debtor's filing fees across the three cases now total $2,364.00. The court also noted the meeting of creditors had been set for June 17, 2025, and notice of this meeting was sent to debtor on May 10, 2025. For the reasons stated orally at the hearing, the court denied the motions.

Further, debtor filed a motion for continuance and ADA accommodation due to a mental health condition [Doc No. 12], requesting he be excused from appearing in person at any hearings and that all mandatory hearings or deadlines be postponed indefinitely to accommodate him. The court did allow debtor to appear by phone at the May 15, 2025 hearing, but denied his motion for a blanket continuance and ADA accommodation without prejudice to his ability to request a continuance on an ad hoc basis.

On June 5, 2025, the court held a hearing on its order for debtor to appear and show cause why the case should not be dismissed as an abuse of the bankruptcy system with a bar to refiling. Debtor did not appear. As stated orally at the hearing, based on the totality of the circumstances, including the debtor's multiple bankruptcy filings, his repeated failure to satisfy his statutorily prescribed duties, and his failure to pay any filing fees, the court held that the current bankruptcy case was filed in bad faith, for the sole purpose of hindering and delaying debtor's creditors, and that the debtor's conduct was an abuse of the bankruptcy process. The court dismissed the case

pursuant to 11 U.S.C. § 1307 and barred debtor from refiling for a period of 180 days pursuant to 11 U.S.C. §§ 105(a) and 349(a).[2] The court did note that it would entertain a motion to reconsider the bar to refiling should debtor choose to file with the assistance of counsel.

## II. Legal Analysis

The bankruptcy court has "post-judgment reconsideration powers under Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which extend Civil Rules 59(e) and 60(b) to bankruptcy proceedings." *In re Jones*, 2020 Bankr. LEXIS 1460, *5 (Bankr. S.D. Ohio April 21, 2020) (citing *Equity Sec. Holders' Comm. v. Wedgestone Fin. (In re Wedgestone Fin.)*, 152 B.R. 786, 789 (Bankr. D. Mass. 1993)). A motion to alter or amend may be granted if the movant proves "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Id*. See also *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998). However, debtor's argument for reconsideration centers on the court's alleged violations of his due process rights, an argument more aptly rooted in Rule 60(b)(4) or (b)(6). Federal Rule of Civil Procedure 60(b) provides that relief from a final order may be granted for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; **(4) the judgment is void**; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or **(6) any other reason that justifies relief.**

---

[2] Despite debtor's attempts to revive his case, including this motion and his motion for stay pending appeal, the court notes that the debtor still has not filed the missing documents required by the Bankruptcy Code, including missing schedules, a plan of reorganization, and a creditor matrix, among other things. Accordingly, even if the case had not been dismissed on June 6, 2025, it would have been dismissed by operation of law pursuant to 11 U.S.C. § 521(i) on June 23, 2025.

Fed. R. Civ. P. 60(b)(emphasis added).

### (a) The Court Made No Error of Law and the Record Supports the Court's Findings

The debtor's motion does not identify any error of law, newly discovered evidence, an intervening change in controlling law, nor does it describe a particular manifest injustice. Despite this, the motion does generally allege that the court's ruling deprived him of his rights under 11 U.S.C. § 362, and debtor disputes the court's findings of bad faith and abuse of process. Accordingly, the court will address these in turn.

In this case, the pro se debtor desperately sought imposition of the automatic stay against the landlord, SUSO 4 HIXSON, LP, in order to stave off the eviction of Scenic City Fitness, Inc. Debtor had to seek imposition of the automatic stay because Congress, in an attempt to prevent abuses of the bankruptcy system and by way of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") Pub. L. 109-8, 119 Stat. 23 (enacted April 20, 2005), *See also In re Skoglund*, 2014 Bankr. LEXIS 1172, *4, 2014 WL 1089865 (Bankr. W.D. Mich. March 19, 2014), decided the automatic stay does not come into effect at all at the commencement of a debtor's third case filed within one year of the dismissal of two or more prior bankruptcy cases (absent the court's granting of a motion to impose the stay after notice and a hearing). *See* 11 U.S.C. § 362(c)(4). Congress also enacted a presumption that a bankruptcy case is not filed in good faith if two or more previous cases were dismissed within the year, which a debtor must overcome at the hearing by clear and convincing evidence in order to prevail. 11 U.S.C. § 362(c)(4)(D); *In re Jones*, 2020 Bankr. LEXIS 1460 at *5.

Although the Sixth Circuit has not addressed the standard to apply in the in the context of lack of good faith under Section 362(c)(3) or (c)(4), courts have applied the 'totality of the

circumstances' test to determine whether a debtor has rebutted the presumption that the case was filed in bad faith. *See In re Riedy*, 517 B.R. 88, 91 (Bankr. W.D. Mich. September 24, 2014). "Accordingly, these courts have considered the following non-exhaustive list of factors: (i) the timing of the petition, (ii) how the debt arose, (iii) the debtor's motive, (iv) how the debtor's actions affected creditors, (v) why the debtor's case was dismissed, (vi) the likelihood that the debtor will have steady income throughout the case and will be able to fund a plan, and (vii) whether any party objects to the motion." *Id*. Arguably, the most important factor is the debtor's ability to fund and perform under a chapter 13 plan of reorganization. *Id*. at 93.

It is undisputed that the debtor had two bankruptcy cases that were pending but dismissed within a year of the filing of the present bankruptcy case. Accordingly, no automatic stay arose with the filing of this case. Construing the debtor's numerous motions as requests to impose the stay, the debtor bore the burden of rebutting the presumption that his case was filed in bad faith by clear and convincing evidence. He failed at the May 15, 2025, hearing to carry his burden of proof.

The debtor appeared at the hearing by phone, at his own request, and stated that he filed his case in good faith. However, he offered no proof to corroborate this conclusion. It is undisputed that he had not complied with his duty to timely file all the documents required by the Bankruptcy Code, just as he failed to do in his two prior cases. It is undisputed that he did not pay the filing fees associated with any of his bankruptcy cases, including the current case. He offered no proof concerning his incomes and expenses or other evidence suggesting that he could successfully fund a plan of reorganization. In fact, although required to propose a chapter 13 plan within 14 days of filing his bankruptcy petition pursuant to Fed. R. Bankr. P. 3015(b), as of the hearing the debtor had filed no proposed plan. His sole purpose of filing bankruptcy was to stay an eviction proceeding

pending in state court, filed by SUSO against Scenic City Fitness. Furthermore, at the hearing he produced no evidence suggesting he could pay postpetition rent as required by 11 U.S.C. § 365(d)(3). Nor was any evidence presented suggesting he could cure any defaults and assure future performance under any lease with SUSO, preconditions for assumption of any lease under the Code. 11 U.S.C. § 365(b)(1). Despite debtor's professions of a good faith intention, the only difference between this case and the prior ones offered up was that he had consulted with a "free legal service" in hopes this case would be successful. However, the debtor's actions and inactions refute his professions of good faith. His numerous and duplicitous filings seeking to delay SUSO coupled with his inability or refusal to comply with the duties imposed upon all debtors, 11 U.S.C. § 521, make clear that the debtor's true intentions is to enjoy the benefits of bankruptcy without suffering any of the burdens. While the debtor has failed to file the documents required by the Bankruptcy Code and accompanying rules, he has found ample time to file copious other motions. Moreover, debtor's motions have often taken contradictory positions: he sought sanctions for a stay violation while acknowledging in his motions to enforce/impose the stay (whether nunc pro tunc or not) that no stay was in effect; and he filed a motion for a blanket continuance of not only the hearings on his motions, but also for all deadlines in the case stating he could not appear in court because of a PTSD diagnosis (the court denied the motion but allowed the debtor to participate by phone)–and now debtor argues he was denied due process. This case has been frought with errors, deficiencies, and debtor's multifarious motions have taxed the court's time and resources needlessly. The multiple bankruptcy filings are an abuse of the bankruptcy process.[3]

---

[3] SUSO's state court eviction action is only against Scenic City Fitness, Inc. The debtor is not a named defendant. At the hearing, the debtor stated he no longer owned the business but had dissolved the business and transferred his interest or the company assets to his wife or business owned by his wife. Accordingly, even if the automatic stay went into effect upon the commencement of the debtor's case, it would not stay the state court action.

The only thing that the debtor has proven clearly and convincingly is that he wants the maximum relief afforded by the bankruptcy process (offered to honest but unfortunate debtors), but without complying with any of the duties required by the Code. Good faith cannot equate to an intention to take advantage of the automatic stay without any intention to comply with the rules in order to reorganize. Consequently, in light of the court's review of the totality of the circumstances, the court has once more concluded that debtor not only failed to meet his burden of proof, but also that the case was filed in bad faith and is the sort of abusive filing that Congress sought to prevent with the enactment of the BAPCA. Accordingly, the court concludes that it made no error of law and that it considered the entirety of the record and correctly found that the debtor failed in his burden of proving that the case was filed in good faith.

### (b) Rule 60(b)(4), (b)(6) and Due Process

While debtor's motion does not reference Rule 60(b), it does make allegations that debtor's due process rights were violated. Civil Rule 60(b)(4) may be utilized to obtain relief from a final judgment or order when "the judgment is void." Fed. R. Civ. P. 60(b)(4); Fed. R. Bankr. P. 9024. This provision applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 272 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In this case, the debtor failed to comply with the local rules of the court as to scheduling and providing notice of motions. *See* E.D. Tenn. LBR 9013-1. Nevertheless, the court has taken

10

painstaking measures to ensure not only that debtor knew when his numerous motions were set for hearing, but also to accommodate his request to appear telephonically. When debtor filed his first motion to impose the automatic stay [Doc. No. 11] and his motion for continuance and ADA accommodation due to mental health condition [Doc. No. 12] on May 8, 2025, the court promptly set both motions for hearing on June 5, 2025. However, the very next day, May 9, 2025, the debtor refiled his motion to impose the automatic stay, but this time he labeled the motion as an emergency motion [Doc. No. 20]. The court treated the emergency filing as a request for expedited hearing and issued a new order setting the matters for hearing on May 15, 2025 [Doc. No. 25]. That order specifically stated:

> "The court is aware that the debtor is representing himself in this case, and so, to avoid any confusion that the debtor may feel from receiving separate notices in the mail scheduling his motions on different dates, the court provides the following list of what motions will be heard on what dates:
>
> • Motion to impose the automatic stay with request for sanctions (doc. nos. 11 & 20) will be heard on May 15, 2025;
> • Motion to appear telephonically (doc. no. 12) will be heard on May 15, 2025;
> • Application to pay the filing fee in installments (doc. no. 4) will be heard on June 5, 2025;
> • Motion to schedule a meeting of creditors (doc. no. 7) will be heard on June 5, 2025;
> • Objection to counsel's representation (doc. no. 13) will be heard on June 5, 2025; and
> • Order to appear and show cause why the case should not be dismissed and why the debtor should not be barred from refiling for 365 days (doc. no. 10) will be heard on June 5, 2025.

After this order was issued, on May 14, 2025, the pro se debtor filed an emergency motion to impose the automatic stay nunc pro tunc [Doc. No. 28], an emergency motion for temporary restraining order and injunctive relief [Doc. No. 30], and a motion for contempt and sanctions for willful violation of the automatic stay and abuse of process [Doc. No. 32], seeking sanctions against

the landlord creditor, SUSO 4 HIXSON, LP, and against its counsel, Bejamin T. Reese, Esq., and Spears, Moore, Rebman & Williams, P.C. for purported violations of the automatic stay, abuse, and misconduct . Because of the similar nature and factual nexus of these later-filed motions, the court construed these filings as either amendments to the matters set for the May 15th hearing, or alternatively, as duplicative filings and set all these matters to be heard together. During this time, the court also communicated with debtor by phone and email to inform him that he would be allowed to participate in the May 15, 2025 hearing by phone per his request.

On May 15, 2025, the court conducted a hearing that lasted approximately 1.5 hours. Debtor attended the hearing telephonically and was given ample opportunity to speak with the court, to argue his motions, and to respond to the arguments of SUSO's counsel. Due process is notice and an opportunity to be heard; it is not a guarantee that debtor will obtain his desired result from the court. Debtor not only received notice of the hearing, but he appeared telephonically per his request, and was heard by the court. Following the hearing the court simply found that the debtor had not carried his burden of proof and the record supports this finding. Accordingly, the court finds that debtor was not deprived of his due process rights and therefore the court's order is not void.

Additionally, the court will also consider Rule 60(b)(6), the rule's "catch-all provision" *In re Elam*, 2024 Bankr. LEXIS 1614, *10, 2024 WL 3387034 (Bankr. W.D. Tenn. June 13, 2024). This provision of the rule encompasses "any other reason that justifies relief" Fed. R. Civ. P. 60(b)(6), and allows the court to consider "extraordinary circumstances based on the facts presented." *Id*. The Sixth Circuit has defined these 'extraordinary or exceptional circumstances' as "unusual and extreme situations where principles of equity mandate relief coupled with a showing that absent relief, extreme and undue hardship will result." *Id*. at *10-11 (citing *Valvoline Instant*

*Oil Change Franchising, Inc. v. Autocare Assoc. Inc.,* 1999 U.S. App. LEXIS 1227, 1999 WL 98590, at *3 (6th Cir. 1999).

Debtor argues he will suffer irreparable harm if a stay is not granted, including imminent loss of the leased premises, the destruction of his family business, and the elimination of all income necessary to support his household and his ability to pursue appellate review. Debtor's arguments, however, do not align with the schedules he filed, nor with his own proffer at the May 15, 2025, hearing.

As for debtor's arguments to preserve the business and its lease, these fail because the business is presently protected by the automatic stay. Scenic City Fitness, Inc. filed for Chapter 11 relief after the May 15, 2025 hearing, with the assistance of counsel. With it's bankruptcy, Scenic City Fitness enjoys the protections of the automatic stay.

Debtor's income argument fails because of his own schedules and proffer. Debtor's Schedule I lists him as unemployed and disabled. The only income he lists ($1,305.00) is shown coming from pension/retirement income. Debtor also stated at the hearing that he had dissolved Scenic City Fitness Inc. and transferred the business to his wife, and that he did not receive income from the business. The court cannot find any basis to support debtor's income argument.

In sum, the court finds no extraordinary circumstances warranting relief exist; moreover, the business that debtor seeks to protect is now protected by the automatic stay and so the court finds the potential harms cited by debtor are inapplicable. However, the court must note that this does not mean that debtor, in his individual capacity, may not soon have need of the relief offered by the bankruptcy process. Presently, the creditor has not taken action against the debtor himself, but that may not remain true. Though the court's June 5, 2025 order dismissed the instant case, finding it to

be an abuse of the bankruptcy system and barred the debtor from refiling for a period of 180 days, the court's order noted that it would entertain a motion to reconsider the bar to refiling if the debtor filed with the assistance of counsel.

Absent exceptional facts, the court finds that this case is the garden-variety abuse of the bankruptcy system that Congress acted to prevent with the BAPCA. Debtor's third case was filed as a means of delaying and hindering eviction proceedings caused by a lease arrears for which the debtor has made no plans to cure and for which he has paid no filing fees. In much the same way the debtor sought out a "free legal service," the debtor wants maximum assistance without any cost to himself. Here, debtor seems to want to lease spaces for a business for free, assistance of counsel for free, and he seems to also want a "free bankruptcy" of sorts; one that requires no fees, no plan, no creditor matrix, no deadlines, and no payments to his creditors. The court correctly found that the debtor failed to prove by clear and convincing evidence that his third bankruptcy case was filed in good faith after being afforded a full and fair hearing. Debtor's motion must fail.

### IV. Conclusion

For the aforementioned reasons, the court will deny debtor's motion by separate order.

# # #